UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DAUNDRE JONES,<br><br>               Plaintiff,<br><br>   v.<br><br>UNITED STATES MILITARY, *et al.*,<br><br>               Defendants. | Case No. C23-1166 JHC<br><br>REPORT AND RECOMMENDATION |

Plaintiff Cortez Daundre Jones, proceeding *pro se*, has filed an amended application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 7.) Plaintiff's amended IFP application indicates he is not employed, has not received any money from any source in the past twelve months, has no cash on hand, no money in a checking or savings account, and has no monthly expenses. (*Id.* at 1-2.) Plaintiff indicates he cannot afford the filing fee due to his inability to work due to disabilities. (*Id.* at 2.)

28 U.S.C. § 1915 provides the rights and obligations associated with IFP status, which exempts applicants from prepaying filing fees and costs in federal court. *See Floyd v. Lee*, 85 F. Supp. 3d 482, 492-93 (D.D.C. 2015) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 196 (1993)). The IFP statute requires applicants to "submi[t] an affidavit that includes a statement of

REPORT AND RECOMMENDATION - 1

all assets . . . [and that states] that the person is unable to pay . . . fees or give security therefor." *Id.* at 493 (citing 28 U.S.C. § 1915(a)(1)). But if the court determines "at any time" that "the allegation of poverty is untrue," it "shall dismiss the case . . . ." *Id.* (citing § 1915(e)(2)(A)).

Here, the information provided in Plaintiff's amended IFP application is inconsistent with that contained in numerous other IFP applications Plaintiff recently filed in this Court, including his previous IFP application in this case. *See e.g.*, dkt. # 1 at 1-2 (reflecting salary of $35,000, $324,000 from a business or other source and $32,000 in benefits received over the past twelve months, $324,000 in stocks, and $4,000 in regular monthly expenses); *Jones v. General Services Administration*, C23-1148-JCC, dkt. # 1 (same); *see also Jones v. Harrell*, C23-1153-RSM, dkt. # 1 at 2 (collecting cases and finding Plaintiff submitted false IFP applications because Plaintiff provides "no explanation for how he suddenly lost over $300,000 in assets or his annual salary of $35,000.00" between his submission of IFP applications).[1] Furthermore, in indicating he has both no financial resources and no expenses, Plaintiff omits information necessary to the Court's IFP determination. Plaintiff does not provide any information on how he pays for food, shelter, and any other basic life necessities. Given these circumstances, Plaintiff should not be authorized to proceed IFP.

After careful consideration of Plaintiff's amended IFP application, the governing law, and the balance of the record, the Court recommends Plaintiff's amended IFP application (dkt. # 7) be DENIED and that Plaintiff be directed to pay the applicable filing fee within **thirty (30) days** after entry of the Court's Order adopting this Report and Recommendation. If Plaintiff fails to pay the fee, the Clerk should close the file. A proposed Order accompanies this Report and Recommendation.

---

[1] The Court additionally notes that Plaintiff has filed at least 57 cases in this Court between August 2, 2023, and August 29, 2023.

REPORT AND RECOMMENDATION - 2

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the Honorable John H. Chun acts on this Report and Recommendation. The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to Judge Chun.

Dated this 30th day of August, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3